UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

K.O., individually and on behalf of X.S., a child with a disability; G.F., individually and on behalf of J.L., a child with a disability; K.B., individually and on behalf of T.B., a child with a disability,

       *Plaintiffs,*

  -against-

NEW YORK CITY DEPARTMENT OF EDUCATION,

       *Defendant.*

COMPLAINT

Case No.

---

K.O., individually and on behalf of X.S., a child with a disability; G.F., individually and on behalf of J.L., a child with a disability; K.B., individually and on behalf of T.B., a child with a disability, by and through their attorneys, CUDDY LAW FIRM, PLLC, for their complaint hereby allege:

1. This is an action brought pursuant to the fee-shifting provisions of the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1415(i)(3).

2. Plaintiff K.O. and X.S. reside in the County of Kings, State of New York.

3. Plaintiff G.F. and J.L. reside in the County of Kings, State of New York.

4. Plaintiff K.B. and T.B. reside in the County of Kings, State of New York.

5. X.S., J.L. and T.B. are each a child with a disability as defined by IDEA, 20 U.S.C. § 1401(3)(A).

6. K.O. is the parent of X.S. as defined by IDEA, 20 U.S.C. § 1401(23).

7. G.F. is the parent of J.L. as defined by IDEA, 20 U.S.C. § 1401(23).

8. K.B. is the parent of T.B. as defined by IDEA, 20 U.S.C. § 1401(23).

9. Defendant NEW YORK CITY DEPARTMENT OF EDUCATION is a local educational agency

as defined by IDEA, 20 U.S.C. § 1401(19), and, as such, is obligated to provide educational and related programs and services to its students in compliance with the applicable federal and state statutes, regulations, and the U.S. Constitution, and is subject to the requirements of 20 U.S.C. § 1400 *et seq.,* and the regulations promulgated thereunder.

### JURISDICTION AND VENUE

10. Jurisdiction is predicated upon 28 U.S.C. § 1331, which provides the district courts with original jurisdiction over all civil actions arising under the laws of the United States, and upon the fee-shifting provision of IDEA, 20 U.S.C. § 1415(i)(3)(A), which provides that the district courts of the United States shall have jurisdiction of actions brought under section 1415(i)(3) without regard to the amount in controversy.

11. Venue is predicated upon 28 U.S.C. § 1391(b)(1) based upon the residence of the defendant.

### FACTUAL BACKGROUND—CASE NUMBER 159328, K.O. AND X.S.

12. On December 17, 2015, plaintiff K.O. initiated an impartial due process hearing on behalf of her child X.S., alleging a denial of a free appropriate public education (FAPE) and seeking various relief.

13. On August 8, 2016, K.O. amended the due process complaint.

14. This case was assigned Impartial Hearing Office Case Number 159328.

15. An impartial due process hearing was held for K.O. and X.S. on May 2, 2016, June 23, 2016, July 29, 2016, September 14, 2016, October 27, 2016, and January 30, 2017.

16. On May 31, 20176, an impartial hearing officer (IHO) issued a Finding of Facts and Decision (FOFD) in favor of the parent, finding a denial of FAPE and awarding relief including Applied Behavior Analysis (ABA) services and placement in a state-approved non-public school employing ABA.

17. On August 17, 2017, plaintiff, through her counsel, submitted a demand for attorneys' fees to defendant's Office of Legal Services.

18. As of the date of this complaint, defendant has failed to settle the attorneys' fees in this matter.

## FACTUAL BACKGROUND—CASE NUMBER 165785, G.F. AND J.L.

19. On March 20, 2017, plaintiff G.F. initiated an impartial due process hearing on behalf of her child J.L., seeking an independent educational evaluation (IEE).

20. This case was assigned Impartial Hearing Office Case Number 165785.

21. An impartial due process hearing was held for G.F. and J.L. on April 25, 2017.

22. On May 2, 2017, an impartial hearing officer (IHO) issued a Finding of Facts and Decision (FOFD) in favor of the parent, awarding the requested independent educational evaluation as well as a remand to defendant's committee on special education (CSE) to consider the IEE.

23. On June 12, 2017, plaintiff, through her counsel, submitted a demand for attorneys' fees to defendant's Office of Legal Services.

24. As of the date of this complaint, defendant has failed to settle the attorneys' fees in this matter.

## FACTUAL BACKGROUND—CASE NUMBER 160732, K.B. AND T.B.

25. On June 14, 2016, plaintiff K.B. initiated an impartial due process hearing on behalf of her child T.B., alleging a denial of a free appropriate public education (FAPE) and seeking various relief.

26. This case was assigned Impartial Hearing Office Case Number 160732.

27. An impartial due process hearing was held for K.B. and T.B. on August 29, 2016, October 31, 2016, and November 17, 2016.

28. On January 6, 2017, an impartial hearing officer (IHO) issued a Finding of Facts and Decision (FOFD) in favor of the parent, finding a denial of FAPE and awarding relief including an compensatory services, transportation services, independent evaluations and programming changes.

29. On February 9, 2017, plaintiff, through her counsel, submitted a demand for attorneys' fees to defendant's Office of Legal Services.

30. As of the date of this complaint, defendant has failed to settle the attorneys' fees in this matter.

## First Cause of Action

31. Plaintiffs repeat and reallege paragraphs 1 through 30 as if more fully set forth herein.

32. Plaintiff K.O. initiated an impartial hearing on behalf of X.S.

33. Plaintiff K.O. prevailed at the impartial hearing by obtaining a finding of facts and decision from the IHO ordering relief demanded by plaintiff K.O.

34. Plaintiff K.O. having prevailed in the underlying proceedings hereby demands reasonable attorneys' fees and costs pursuant to 20 U.S.C. § 1415(i)(3).

## Second Cause of Action

35. Plaintiffs repeat and reallege paragraphs 1 through 34 as if more fully set forth herein.

36. Plaintiff G.F. initiated an impartial hearing on behalf of J.L.

37. Plaintiff G.F. prevailed at the impartial hearing by obtaining a finding of facts and decision from the IHO ordering the relief demanded by plaintiff G.F.

38. Plaintiff G.F. having prevailed in the underlying proceedings hereby demands reasonable attorneys' fees and costs pursuant to 20 U.S.C. § 1415(i)(3).

## Third Cause of Action

39. Plaintiffs repeat and reallege paragraphs 1 through 38 as if more fully set forth herein.

40. Plaintiff K.B. initiated an impartial hearing on behalf of T.B.

41. Plaintiff K.B. prevailed at the impartial hearing by obtaining a finding of facts and decision from the IHO ordering the relief demanded by plaintiff K.B.

42. Plaintiff K.B. having prevailed in the underlying proceedings hereby demands reasonable attorneys' fees and costs pursuant to 20 U.S.C. § 1415(i)(3).

WHEREFORE, plaintiffs respectfully request that this Court:

(1) Assume jurisdiction over this action;

(2) Award to plaintiff K.O. the costs, expenses and attorneys' fees for the administrative proceedings in the matter of X.S. pursuant to 20 U.S.C. § 1415;

(3) Award to plaintiff G.F. the costs, expenses and attorneys' fees for the administrative proceedings in the matter of J.L. pursuant to 20 U.S.C. § 1415;

(4) Award to plaintiff K.B. the costs, expenses and attorneys' fees for the administrative proceedings in the matter of T.B. pursuant to 20 U.S.C. § 1415;

(5) Award to the plaintiffs the costs, expenses and attorneys' fees of this action pursuant to 20 U.S.C. § 1415; and

(6) Grant such other and further relief as the Court deems just and proper.

Dated: Auburn, New York
January 25, 2018

Yours etc.,

s/ Jason H. Sterne

CUDDY LAW FIRM, PLLC
Jason H. Sterne, Esq., of counsel
*Attorney for Plaintiffs*
5693 South Street Road
Auburn, New York 13021
(315) 370-4020
jsterne@cuddylawfirm.com